On Rehearing.
 

 LAND, J.
 

 The rehearing granted in this case is restricted to the sole question'of determining whether the defendant, Mrs. Coats, should be credited with the sum of $1,388, which was charged by plaintiff bank to the account of the executor of the estate of John W. Carnes, an uncle of Mrs. Coats, who is the universal legatee named in his last will and testament.
 

 As recited in the original opinion, certain special legacies were 'contained in this will in favor of the concubine of the testator. In order to effect a compromise with the special legatee, C. F. Dranguet, the executor of decedent, and H. W. Bethard, Jr., the special agent of defendant Mrs. Coats, signed a promissory note payable to the order of plaintiff bank for $4,700, which was borrowed from the hank in order to settle the claims of the concubine, as special legatee named in the lást will of John W. Carnes,, deceased.
 

 After this compromise was effected, the defendant Mrs. Goats became the owner of all the effects of the estate, as she had been instituted as universal legatee in the last will of her uncle.
 

 The record discloses the fact that the executor drew a check for $1,388, payable to the order of plaintiff bank, in part payment of the note for $4,700, executed by the executor of John W. Carnes and by the special agent of defendant Mrs. Coats, and held by plaintiff bank.
 

 This cheek was drawn by the executor against funds deposited in plaintiff bank and collected by the executor from the estate of John W. Carnes, the deceased uncle of defendant. As Mrs. Coats owned the effects of his estate, she was entitled to a credit to the extent of $1,388, since the funds drawn against by the executor belonged to her individually.
 

 Mrs. Coats was not a party to this note. Consequently, she was not bound to pay 8 per cent, interest,, stipulated therein, as contended by plaintiff bank. The sole ground upon which the bank relies for recovery against defendant in the present suit is that the ioan inured to her separate benefit, as the money advanced by the bank was used to effect a compromise with the special legatee. For these reasons, our original judgment allows plaintiff bank only 5 per cent., the legal rate of interest, on the amount recovered. It is clear, therefore, that the full amount of the credit should not be reduced by the excess of the interest claimed.
 

 It is therefore ordered that our original judgment for $8,254.54, rendered in favor of plaintiff bank, be credited with the full sum
 
 *176
 
 of $1,388, and be reduced to the sum of $6,-866.54.
 

 It is now ordered that said judgment, as reduced and amended, be reinstated and made the final judgment of this court.